Foster A. Glass OSB No. 751334
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES DANIEL HARRIS<br><br>       Plaintiff,<br>vs.<br><br>PLAZA HOME MORTGAGES, INC.<br>COUNTRYWIDE HOME LOANS,<br>BANK OF AMERICA, MERS,<br>SELENE FINANCE, SETERUS<br>INC., WILMINGTON SAVINGS<br>FUND SOCIETY, FSB, dba<br>CHRISTIANA TRUST, not<br>individually but as trustee for Pretium<br>Mortgage Acquisition Trust,<br><br>       Defendants. | Case No.<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, James Daniel Harris sues Defendants COUNTRYWIDE HOME

LOANS, BANK OF AMERICA, MERS, SELENE FINANCE, SETERUS,

WILMINGTON SAVINGS FUND SOCIETY, FSB, dba CHRISTIANA TRUST,

not individually but as trustee for Pretium Mortgage Acquisition Trust, and alleges

as follows:

Plaintiff sues Defendants based upon personal knowledge as to Plaintiff's

- 1 - COMPLAINT

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

own conduct and upon the basis of information and belief as to all other matters. Plaintiff's information and belief is based, among other things, on documents generated by or on belief of the Defendants which reveal the Defendants' knowing participation in the fraudulent scheme detailed in this claim.

## A.  THE NATURE OF THE ACTION

1.     This is an action for triple damages, costs and attorney fees under RICO,  18 USC § 1964(c) of the Federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 USC §§ 1961-1968, arising out of an ongoing pattern of mortgage fraud being conducted by the Defendants and the non-party malfeasants in violation of 18 USC § 1962(c).  Plaintiffs bring this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.*, (hereafter "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter FDCPA), 18 USC §§ 1961-1968, 18 USC § 1962(c), 18 USC § 1964(c) (RICO) and the Oregon Unlawful Trade Practices Act, ORS 646.607 (hereafter OUTPA), Oregon Unlawful Collection Practices Act, ORS 646.639 *et. seq.,* (hereafter OUCPA), and breach of contract.

## B.   PARTIES

2.     Plaintiff / borrower is a natural person over the age of 18 who resides in Deschutes County, Oregon.

3.     Plaintiff is a debtor and/or alleged debtor as that term is defined in Oregon Revised Statute 95.200(6).

4.     <u>PLAINTIFF</u>.  Plaintiff is a "consumers" as that term is defined by 15 U.S.C.

- 2 - COMPLAINT

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

§ 1692a(3).

5.    Plaintiff is the "called party" with respect to the calls placed to their cellular telephone number, 541-385-1338 or 541-797-1081, as further described herein.  *See Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 643 (7th Cir. 2012).

6.    <u>DEFENDANTS</u>.   Defendants are lenders and/or lenders' agents.

7.    At all times material hereto, Defendant BANK OF AMERICA, N.A. (hereafter "BOA"), was and is a foreign corporation, with its principal place of business in Charlotte, North Carolina. Bank of America is a parent organization of Countrywide Home Loans.

8.    At certain times material hereto, BAC HOME LOANS SERVICING, L.P.  (hereafter "BAC"), was a foreign limited partnership, with its principal place of business in Calabasas, California.

9.    Plaza Home Mortgage Inc. manages an extensive system of regional loan centers with headquarters in San Diego, California.

10.    Countrywide Home Loans is a private company doing business as Bank of America, based in Calabasas, California.

11.    Mortgage Electronic Registration System - MERS is a privately held corporation based in Reston, Virginia is a web based registration and renewal service, serving thousands of lenders, servicers, sub-servicers, investors, and government institutions.

12.    Selene Finance is a residential mortgage company based in Houston, TX.

13.    Seterus Inc. is a loan servicing company based in Hartford, Connecticut.

- 3 - COMPLAINT

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

14.   Wilmington Savings Fund Society (WSFS) is a bank with its headquarters in Wilmington, Delaware.

15.   Christiana Trust is a division of WSFS with its headquarters in Wilmington, DE.

16.   Pretium Mortgage Acquisition Trust is a specialized investment, asset and wealth management firm with its headquarters in New York, New York.

C.   JURISDICTION AND VENUE

17.   This Court has jurisdiction to hear Plaintiff's civil RICO claim under 18 USC § 1964(c) in accordance with the decision of the United States Supreme Court in *Tafflin v. Levitt*, 493 US 455 (1990).

18.   This Court has jurisdiction over the mortgage fraud conducted over the subject property located in Deschutes County, Oregon, and venue is in the Ninth Judicial District of the Federal Court, in which a substantial part of the events or omissions giving rise to this action occurred..  Jurisdiction arises under 28 USC § 1331 as this case presents a federal question, and pursuant to 15 USC § 1692k(d) and/or pursuant to 28 USC § 1367 for pendent state law claims.

D.  Statement Regarding Loan Definitions

19.   Within the mortgage lending industry the term "prime" loan means a safe mortgage loan to a borrower who is regarded as being highly creditworthy, has no obvious financial difficulties and a good payment record, and is therefore likely to repay the loan.  Fannie Mae, which is the largest secondary market buyer of mortgage loans, established the "prime" standard for loan underwriting.  "Sub-prime" loan (also referred to as near-prime, non-prime, and second-chance

- 4 - COMPLAINT

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

lending) means a mortgage loan to a borrower who may have difficulty maintaining the repayment schedule.

20.     The Liar's Loan Enterprise consists of hundreds of entities making up the national sub-prime mortgage industry, whose top executives operated these companies as control frauds (a financial weapon against society) by rigging financial incentives within the industry to reward a nationwide pattern of brokering, originating, bundling as securities, selling into the secondary market, servicing, and foreclosing on what the industry insiders dubbed as "liar's loans," which are stated income mortgage loans made with no income verification, no or little documentation, no underwriting, a false and inflated appraisal overstating the property value, and an understated loan-to-fair-market-value ratio.  The Liar's Loan Enterprise is a subset of the national mortgage lending industry.

21.     At all times material the defendants were involved (participants) in and were aware of the enterprise which involved a scheme of predatory mortgage loans as set forth above in which federal guidelines, including those by consent decree applying to HAMP loans and loan modifications were ignored, including conduct in interstate commerce.

### E.  DEFENDANTS' CONDUCT WAS IN BAD FAITH BREACH OF THE 2012 FEDERAL CONSENT DECREE

21.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-51 as though set forth fully herein.

22.     In 2012 a federal Judge signed off on a 25 billion dollar settlement - consent decree involving five major banks, which included Defendant Bank of America.

- 5 - COMPLAINT

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

The five banks agreed to strict new mortgage servicing standards that will be overseen by a federal monitor, as well as the threat of future financial penalties. The banks will be subject to $1 million in penalties for violations of the consent decrees or $5 million for repeat violations, according to settlement documents filed in Washington federal court.

23.    Defendants failed to establish the required protocol of reducing the interest rate to as low as 2% and lowering the principle to market value.

24.    Defendants did not lower the interest rate as required, or the principle to market value. But for Defendants' conduct, Plaintiff would not have lost his home and would not have been forced into bankruptcy.

25.    As a result of Defendants' conduct Plaintiff's credit has been damaged, he lost his home, and suffered extreme emotional distress, therefore Plaintiff is entitled to economic damages as follows: $173,000.00 in damages for the loss of his home. Treble damages of $519,000.00.  Plaintiff has suffered non-economic damages for emotional distress in the amount of $100,000.00 damages for emotional distress, punitive damages not to exceed $200,000.00, and costs and reasonable attorney's fees in an amount to be determined by a trier of fact with any other equitable remedies.

## FIRST CAUSE OF ACTION

## CIVIL RICO

26.    Plaintiff reincorporates paragraphs 1-25 as though set forth fully herein.

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

27.    Defendant is the successor in interest to the party identified as the lender in the promissory note and mortgage dated August 22, 2007.

28.    Defendant assumed the legal rights, duties and liabilities that run with the promissory note.

29.    Defendants fraudulently misrepresent the value of the subject property and misrepresent the loan-to-fair-market-value ratio based upon a false and inflated appraisal overstating the property value, conducted as part of a pattern of racketeering activity by the non-party malfeasants (the "Liar's Loan Enterprise").

30.     In Plaintiff's case, the note for the mortgage on Plaintiff's home was originated by Plaza Home Mortgages Inc. for the sum of $341,000,00, (which according to the lender represented an appraisal of $400,000.00, which made the 80% value of the home, lender's requirement for processing a loan for Plaintiff) when the actual market value was $227,000.00.

31.    The mortgage broker was aware that the mortgage payments were too high for Plaintiff to successfully acquit the loan.

32.    Plaintiff was informed that he could make a few payments and then refinance the home for a lower interest rate.

33.    Within the note Plaza assigned all rights to Countrywide Home Loans Inc. 8/28/2007 Countrywide approved a loan modification which was going to be at a lower interest rate; and Plaintiff successfully completed the three-trial-payment

- 7 - COMPLAINT

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

program, and then the loan was transferred to Bank of America Servicing Inc.

34.     Bank of America then required Plaintiff to reapply for a loan and subsequently turned down the loan.

35.     Bank of America then gave Plaintiff the choice of foreclosure, a short sale or to tender a deed in lieu of foreclosure.

36.     Plaintiff agreed to a short sale, moved out of his house, and rented another residence.

36.     Bank of America refused the highest short-sale offer of approximately $89,000.00.

37.     Bank of America then transferred the loan to Seterus Inc. for servicing, which required Plaintiff to fill out another application for loan modification which was turned down April 15, 2015.

38.     After approximately one year, Seterus then transferred the loan to Selene Loan Servicing in May, 2016.

39.     Selene offered Plaintiff a loan modification, while Plaintiff was undergoing chem.-therapy for cancer treatment.

40.     Plaintiff began receiving Social Security benefits, which with other income would have enabled Plaintiff to make the mortgage payments.

41.     Plaintiff reapplied for a loan modification, the paper work Plaintiff submitted was continually lost or misplaced by Defendant Selene.

- 8 - COMPLAINT

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

42.    Plaintiff's loan modification application was turned down by Selene, which claimed that Plaintiff did not qualify because it was only 27 days from the date of the foreclosure sale.

43.    Throughout the process, Defendants would call Plaintiff and demand payment, threaten foreclosure, demand that he send certain documents within a certain time period; Plaintiff would send the requested paperwork within the requested time period and Defendants would claim they had not received the documents and Plaintiff would resend the documents, and Defendants would claim the documents were late and so the process would have to start all over again.  44.

Defendant continually transferred Plaintiff to different representatives, causing additional confusion.

45.    Defendant Selene offered Plaintiff $3000.00 to move out of his home.

46.    At all times Defendants had notice of the actual market value of Plaintiff's home as shown by the Deschutes County Tax Assessor's Statements which are provided to the lender.

47.    As a result of defendants' conduct Plaintiff has been damaged as follows. Plaintiff's credit has been severely damaged.  Plaintiff has been denied the value of his home by wrongful foreclosure when he had the ability to make the CAMP payments which were approved on two occasions, which was valued at $227,000.00.  Plaintiff is entitled to economic damages of $173,000.00 for the loss of his home. Treble damages of $519,000.00.  Plaintiff has suffered non-economic

- 9 - COMPLAINT

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

damages for emotional distress in the amount of $200,000.00; punitive damages in an amount to be determined by the jury; and costs and reasonable attorney's fees in an amount to be determined by a trier of fact with any other equitable remedies.

## SECOND CAUSE OF ACTION

## (VIOLATION OF THE FDCPA)

48.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 47 as though set forth fully herein.

49.    Plaintiff has been the object of collection activity by Defendants arising from a consumer debt.

50.    Defendants are "debt collectors" as defined by the FDCPA.

51.    Defendants engaged in an act or omission prohibited under 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiffs in connection with the collection of a debt when Defendants knew Plaintiffs were represented by an attorney with respect to the debt, had filed Chapter 7 bankruptcy, and had the name and contact information for the attorney.

52.    Defendants engaged in an act or omission prohibited under 15 U.S.C. § 1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse the Plaintiffs.

53.    Defendants' acts and omissions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. 1692 including but not limited to statutory damages, actual

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, attorney fees, interest and costs.

54.   As a result of Defendants' conduct,  in violation of the FDCPA, Plaintiff is entitled to statutory damages, actual damages, punitive damages in an amount to be determined by the jury, an injunction from similar conduct in the future, costs, and interest in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**UNLAWFUL BUSINESS TRADE PRACTICES ACT**

**FIRST PENDENT STATE CLAIM**

55.   Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 54 as though set forth fully herein.

56.   Defendants' conduct was willful and in violation of ORS 646.608 that Defendants:

(d) uses representations in connection with real goods or services;

(e) represents that real estate services have sponsorship approval, characteristics, uses, benefits or qualities they do not have;

(k) makes false or misleading representations concerning credit availability or the nature of the transaction for obligations incurred;

(u) engages in any other unfair or deceptive conduct in trade or commerce.

57.   Defendants' conduct was willful and in violation of ORS 646.607:

- 11 - COMPLAINT

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

(1) Employs any unconscionable tactic in connection with selling, renting or disposing of real estate, goods or services, or collecting or enforcing an obligation;

(2) Fails to deliver all or any portion of real estate, goods or services as promised, and at a customer's request, fails to refund money that the customer gave to the person to purchase the undelivered real estate, goods or services and that the person does not retain pursuant to any right, claim or defense the person may assert in good faith.

(3) Employs a collection practice that is unlawful under ORS

(4) Violates a provision of ORS And the provisions applicable after July 1, 2016:

(5) Employs any unconscionable tactic in connection with selling, renting or disposing of real estate, goods or services, or collecting or enforcing an obligation;

(6) Fails to deliver all or any portion of real estate, goods or services as promised, and at a customer's request, fails to refund money that the customer gave to the person to purchase the undelivered real estate, goods or services and that the person does not retain pursuant to any right, claim or defense the person may assert in good faith.

58.    As a result of Defendants conduct in violation of the Unlawful Business Trade Practices Act, Plaintiff is entitled to an award of economic damages of $173,000.00 in damages for the loss of his home. Treble damages of $519,000.00, and punitive damages in an amount to be determined by the jury, and costs and reasonable attorney's fees in an amount to be determined by a trier of fact with any other equitable remedies.

/////

/////

/////

- 12 - COMPLAINT

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

## FOURTH CAUSE OF ACTION

## VIOLATION OF UNLAWFUL COLLECTION PRACTICES

## SECOND PENDENT STATE CLAIM

59.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs

1 through 60 as though set forth fully herein.

60.    Defendants' conduct constitutes Unlawful Collection Practices - ORS

646.639.

61.    ORS 646.639:

> (2) It shall be an unlawful collection practice for a debt collector, while collecting or attempting to collect a debt to do any of the following:

> (d) Use profane, obscene or abusive language in communicating with a debtor or the debtor's family.

> (k) Attempt to or threaten to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist, or threaten to take any action which the debt collector in the regular course of business does not take.

62.    As a result of Defendants conduct in violation of  the Unlawful

Business Trade Practices Act, Plaintiffs are entitled to an award of economic

damages of $173,000.00 in damages for the loss of his home. Treble damages of

$519,000.00, and punitive damages in an amount to be determined by the jury; and

costs and reasonable attorney's fees in an amount to be determined by a trier of

fact with any other equitable remedies and such equitable relief as the Court deems

necessary or proper.

/////

- 13 - COMPLAINT

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

## FIFTH CAUSE OF ACTION

## BREACH OF GOOD FAITH AND FAIR DEALING

## CONTRACTUAL OBLIGATION

## THIRD PENDENT STATE CLAIM

63.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 62 as though set forth fully herein.

64.     At all times material Defendant had a contractual good faith and fair dealing obligation to provide truthful, honest information and conduct, including complete disclosure of the actual required obligations to provide a mortgage amendment meeting the conditions of the programs imposed upon Defendant by the 2012 federal Consent Decree.

65.     Defendants provided false information, did not provide the good faith benefits to Plaintiff which were required by the Settlement decree and the CAMP program.

66.     Defendants failed to disclose to Plaintiff their good faith obligation to provide reduction of interest to as low as 2% and reduction of the principle to market value.

67.     Defendants were aware of the principle of predatory loans, but in bad faith, defendants failed to offer the appropriate modifications to Plaintiff and attempted to collect amounts of money to which they were not entitled and wrongfully foreclosed on the property.

68.     Defendant is entitled to economic damages an award of economic damages of $173,000.00 in damages for the loss of his home. Treble damages of

- 14 - COMPLAINT

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

$519,000.00, and punitive damages in an amount to be determined by the jury and costs and reasonable attorney's fees in an amount to be determined by a trier of fact with any other equitable remedies punitive damages in an amount to be determined by the jury and such equitable relief as the Court deems necessary or proper.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

$173,000.00 in damages for the loss of his home. Treble damages of $519,000.00. Plaintiff has suffered non-economic damages for emotional distress in the amount of $100,000.00 damages for emotional distress, punitive damages in an amount to be determined by the jury; and costs and reasonable attorney's fees in an amount to be determined by a trier of fact with any other equitable remedies.

**On Plaintiff's federal claims:**

First Cause of Action - Civil RICO;

Second Cause of Action- Violation of the FDCPA;

ECONOMIC DAMAGES: $173,000.00 in damages for the loss of Plaintiff's home. Treble damages of $519,000.00.   NON-ECONOMIC DAMAGES for emotional distress in the amount of $200,000.00 damages for emotional distress, punitive damages in an amount to be determined by the jury; and costs and reasonable attorney's fees in an amount to be determined by a trier of fact with any other equitable remedies.

**On Plaintiffs' Pendent State Claims:**

Third Cause of Action: Unlawful Business Trade Practices Act.

- 15 - COMPLAINT

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com

Fourth Cause of Action: Violation of Unlawful Collection Practices.

Fifth Cause of Action: Breach of Good Faith and Fair Dealing - Contractual Obligation.

ECONOMIC DAMAGES: $173,000.00 in damages for the loss of Plaintiff's home. Treble damages of $519,000.00, and punitive damages in an amount to be determined by the jury; and costs and reasonable attorney's fees in an amount to be determined by a trier of fact with any other equitable remedies as the Court deems necessary or proper.

DATED this 30th day of January, 2018.        */s/ Foster A. Glass*
                                              Foster A. Glass OSB No. 751334
                                              Attorney for Plaintiff

- 16 - COMPLAINT

Law office of Foster A. Glass
3230 NW Prairie Place, Bend OR 97703
T: 541-317-0703 – F: 541-317-0736
Email: fosterg@bendcable.com