IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES DANIEL HARRIS,   No. 6:18-cv-00186-HZ

    Plaintiff,   OPINION & ORDER

    v.

PLAZA HOME MORTGAGES, INC.,
COUNTRYWIDE HOME LOANS, BANK OF
AMERICA, MERS, SELENE FINANCE,
SETERUS INC., WILMINGTON SAVINGS
FUND SOCIETY, FSB, dba CHRISTIANA
TRUST, not individually but as trustee for Pretium
Mortgage Acquisition Trust,

    Defendants.

Foster A. Glass
3230 NW Prarie Place
Bend, OR 97703

    Attorney for Plaintiff

OPINION & ORDER - 1

David J. Elkanich
Nellie Q. Barnard
Holland & Knight LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204

    Attorneys for Defendants Selene Finance LP, MERS and
    Wilmington Savings Fund Society, FSB d/b/a Christiana
    Trust, not individually but as trustee for Pretium Mortgage
    Acquisition Trust

HERNÁNDEZ, District Judge:

Before the Court is Defendants' Motion to Dismiss [26]. Plaintiff James Daniel Harris brought this action on January 30, 2018, alleging: a civil Racketeering Influenced and Corrupt Organizations Act ("RICO") claim, 18 U.S.C. § 1962(c); Fair Debt Collection Practices Act ("FDCPA") claims, 15 U.S.C. §§ 1692c(a)(2), 1692d; Oregon Unlawful Trade Practices Act ("UTPA") claims, O.R.S. §§ 646.607; and breach of the implied duty of good faith and fair dealing under Oregon state law. Defendants are composed of lenders and/or lenders' agents that allegedly conspired and took other fraudulent and unlawful actions to cause Plaintiff to default on his mortgage and lose is home. Defendants' motion is GRANTED and Plaintiff's claims are DISMISSED.

## BACKGROUND

The factual allegations below are taken from Plaintiff's Complaint [1] and assumed to be true.[1] In 2007, Plaintiff obtained a home mortgage for $341,000 with Plaza Home Mortgages Inc. ("Plaza"). Compl. ¶ 30, ECF 1. Plaza appraised the value of the home at $400,000. *Id.* Plaintiff claims the actual market value was $227,000. *Id.* On August 28, 2007, Plaintiff's note was

---

[1] Additionally, the Court grants Defendants' Request for Judicial Notice [27]. The Court takes judicial notice of Plaintiff's Bankruptcy Petition and the docket for Plaintiff's Bankruptcy Case. *See* Request for Judicial Notice, Exs. A & B, ECF 27. The accuracy of those documents cannot be reasonably questioned.

OPINION & ORDER - 2

assigned to Countrywide Home Loans Inc. ("Countrywide"). *Id.* at ¶ 33. Countrywide approved a loan modification that would lower Plaintiff's interest rate. *Id.* Plaintiff completed three trial payments under the program; then the loan was transferred to Bank of America Servicing Inc. ("B of A"). *Id.* at ¶ 34. B of A required Plaintiff to reapply to the modification program. *Id.* Plaintiff's subsequent application was turned down and B of A gave Plaintiff three choices: foreclosure; short sale; or tender the deed in lieu of foreclosure. *Id.* at ¶ 35.

Plaintiff agreed to a short sale and moved out of the house. *Id.* at ¶ 36. B of A refused an offer on the short sale and instead transferred the loan to Seterus Inc. ("Seterus") for servicing. *Id.* at ¶ 37. Seterus required Plaintiff to fill out another modification application that it turned down in April 2015. *Id.* In May 2016, Seterus transferred the loan to Selene Finance ("Selene"). *Id.* at ¶ 38. Selene also offered Plaintiff a loan modification program; however, Selene continually lost or misplaced Plaintiff's application and ultimately denied it. *Id.* at ¶¶ 41–42. During this period, Defendants called Plaintiff and demanded payment, threatened foreclosure, and demanded certain documents be produced within particular time frames. *Id.* at ¶ 43. Additionally, when Plaintiff sent the requested paperwork, Defendants claimed they had not received the documents. *Id.* Defendants then repeated their paperwork requests, continuing the cycle. *Id.*

On July 11, 2017, Plaintiff filed for Chapter 7 voluntary bankruptcy. *Id.* at ¶ 24; Request for Judicial Notice, Ex. A (Case No. 17-32593-tmb7). On October 16, 2017, the United States Bankruptcy Court for the District of Oregon signed an order discharging and closing Plaintiff's case as a "no asset" estate. Request for Judicial Notice, Ex. B at 3.

Defendants filed their Motion to Dismiss on June 8, 2018. On June 20, 2018, the court held a Rule 16 telephone conference. *See* ECF 29. At that conference, the Court granted

Plaintiff's request for an extension of time to respond to Defendants' Motion. *Id.* Plaintiff was given until July 10, 2018 to file a response. To date, Plaintiff has not filed a response to Defendants' Motion to Dismiss, and the Motion remains unopposed.

## STANDARDS

On a motion to dismiss, the court must review the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The court, however, need "not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 555.

## DISCUSSION

Defendants claim that Plaintiff lacks standing and is judicially estopped from asserting his claims based on his 2017 bankruptcy. Under 11 U.S.C. § 521(1), a bankruptcy debtor is required to schedule all assets and liabilities. Further, a bankruptcy estate includes "all legal or

equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Causes of actions are generally considered assets dischargeable in bankruptcy. *Strong v. Prudential Ins. Co. of Am.*, 172 F.3d 58 (9th Cir. 1999). The cause of action becomes part of the estate regardless of whether the plaintiff scheduled it, unless the bankruptcy trustee abandons the claim. 11 U.S.C. § 541(a); *Estate of Spirtos v. One San Bernardino Cty. Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006). "[A] trustee of a bankruptcy estate is the representative of the estate. As such, he has the capacity to sue on behalf of the estate, and those with claims against the estate can sue him." *Spirtos*, 443 F.3d at 1175 (citations omitted).

In this case, Plaintiff did not list his claims as assets of the bankruptcy estate. His claims all accrued by the time his bankruptcy petition was filed in July of 2017 and well before the discharge order was entered in October of 2017. The Court finds that Plaintiff's RICO claim based on Defendants' pre-discharge conduct was subject to the injunctive power of the bankruptcy discharge. *See Spirtos*, 443 F.3d at 1175–77 (dismissing civil RICO claim for lack of standing based on the finding that only the bankruptcy trustee had standing to sue); *Johnson v. Johnson*, No. 1:15-CV-01793 MJS, 2016 WL 5235047, at *5–6 (E.D. Cal. Sept. 21, 2016), *reconsideration denied*, No. 1:15-CV-01793 MJS, 2016 WL 6803567 (E.D. Cal. Nov. 17, 2016) (dismissing civil RICO claims based on a prior bankruptcy discharge). The entirety of Plaintiff's civil RICO claim is based on Defendants' activities from approximately 2007 through mid-2017. Plaintiff bases his claim on Defendants' repeated refusals to modify his mortgage, repeatedly misplacing his modification applications, and threats and demands. Plaintiff also alleges that Defendants directly contacted him even though they knew he retained counsel given the parties' participation in the bankruptcy proceedings. In short, Plaintiff is seeking damages for

Defendants' pre-discharge conduct. Because Plaintiff's civil RICO claim was subject to the bankruptcy estate and not abandoned by the trustee, Plaintiff lacks standing to bring the claim. *Johnson*, 2016 WL 5235047 at *6–7. Likewise, the Bankruptcy Code precludes Plaintiff's FDCPA claim. *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002) ("While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code."); *Goad v. MCT Grp.*, 576 F. App'x 707, 707 (9th Cir. 2014) (affirming summary judgment against the debtor, finding that the Bankruptcy Code precluded its FDCPA claim); *accord, In re Chaussee*, 399 B.R. 225, 241 (B.A.P. 9th Cir. 2008). Accordingly, the Court dismisses Plaintiff's civil RICO and FDCPA claims with prejudice.

The Court's reasoning applies with equal force to Plaintiff's state-law claims. Additionally, because the Court dismisses Plaintiff's claims over which the Court has original jurisdiction, it declines to exercise supplemental jurisdiction over Plaintiff's pendant state-law claims. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss [26]. Plaintiff's civil RICO and FDCPA claims are dismissed with prejudice. Plaintiff's state-law claims are dismissed without prejudice and without leave to amend.

Dated this 14th day of September, 2018.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge